**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: DUPIXENT (DUPILUMAB) PRODUCTS LIABILITY LITIGATION** | Civil Action No. 26-md-3180 |
| **This Document Relates To: ALL CASES** | |

**QURAISHI, District Judge**

INITIAL PROCEDURE ORDER NO. 1

This order shall, unless superseded by subsequent orders, govern the procedure in all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of June 4, 2026, as well as any related or "tag-along" actions originally filed in this Court or transferred or removed to this Court. As of the date of this order, those actions are:

1. 2:26-cv-00087 *Wright-Jenkins v. Regeneron Pharmaceuticals, Inc., et al.* (M.D. Al.)
2. 5:26-cv-00569 *Bundy v. Regeneron Pharmaceuticals, Inc., et al.* (C.D. Cal.)
3. 2:26-cv-00320 *Bell, et al. v. Regeneron Pharmaceuticals, Inc., et al.* (E.D. Cal.)
4. 3:26-cv-00127 *Mun v. Regeneron Pharmaceuticals, Inc., et al.* (S.D. Cal.)
5. 2:26-cv-00231 *Durkin v. Sanofi-Aventis U.S. LLC, et al.* (M.D. Fl.)
6. 1:26-cv-20636 *Fraioli v. Regeneron Pharmaceuticals, Inc., et al.* (S.D. Fl.)
7. 1:25-cv-07342 *Nalls v. Regeneron Pharmaceuticals, Inc., et al.* (N.D. Ga.)
8. 1:26-cv-00493 *Street, et al. v. Regeneron Pharmaceuticals, Inc., et al.* (N.D. Ga.)
9. 1:26-cv-00635 *Long, et al. v. Regeneron Pharmaceuticals, Inc., et al.* (N.D. Ga.)
10. 1:26-cv-00813 *Seals v. Regeneron Pharmaceuticals, Inc., et al.* (N.D. Ga.)
11. 1:25-cv-15265 *Walsh v. Regeneron Pharmaceuticals, Inc., et al.* (N.D. Ill.)
12. 2:25-cv-18162 *Phillips v. Regeneron Pharmaceuticals, Inc., et al.* (D.N.J.)
13. 3:26-cv-04702 *Johnson v. Regeneron Pharmaceuticals, Inc.*, et al. (D.N.J.)
14. 3:26-cv-06610 *Foster v. Regeneron Pharmaceuticals, Inc.*, et al. (D.N.J.)
15. 2:26-cv-00338 *Luchsinger v. Regeneron Pharmaceuticals, Inc., et al.* (D.N.V.)
16. 2:26-cv-00763 *Boggs, et al. v. Regeneron Pharmaceuticals, Inc., et al.* (E.D. Pa.)
17. 3:25-cv-01125 *Richardson v. v. Regeneron Pharmaceuticals, Inc., et al.* (M.D. Tenn.)

It is on this **11th** day of **June 2026**, hereby **ORDERED**:

1. CONSOLIDATION—The civil actions listed above are consolidated for pretrial purposes only. Any "tag-along actions" filed in, removed to, or transferred to this Court shall be automatically consolidated with this action for pretrial purposes without the necessity of future motions or orders. Any party that objects to such consolidation or to any other provision of this Order must raise that objection at the Initial Management Conference (to be set by this Order) or, if the case is consolidated following that conference, such party must raise the objection by a motion for relief within ten (10) days of the earlier of counsel's first appearance herein or the entry of a consolidation order in such case. This pretrial consolidation shall not, however, have the effect of making any person, corporation, or entity a party to any action in which he, she, or it has not been named, served, or added as such, in accordance with the Federal Rules of Civil Procedure.

2. DATE OF INITIAL MANAGEMENT CONFERENCE—Matters relating to pretrial and discovery proceedings in these cases will be addressed at the Initial Management Conference to be conducted in-person before the undersigned and the Honorable J. Brendan Day, U.S.M.J. The Initial Management Conference is hereby set for **October 1, 2026, at 1:00 p.m.** in Courtroom 4W, Clarkson S. Fisher Federal Building and United States Courthouse, 402 East State Street, Trenton, New Jersey. Counsel must attend in person unless they request leave to join telephonically at least three days prior and the Court grants that leave. Parties are welcome to dial-in to the conference to listen remotely to the proceedings. All callers shall dial-in no later than 12:55 p.m. on the date of the conference. The Court will post dial-in information to the Master Docket the day before the conference.

3. AGENDA FOR INITIAL MANAGEMENT CONFERENCE—The items listed in Federal Rule of Civil Procedure 16.1, as well as sections 21.1, 21.11, 22.6, 22.61, 22.62, and 26.3 of the Manual for Complex Litigation, Fourth ("MCL 4th") shall, to the extent applicable, constitute a tentative agenda for the Initial Management Conference. Counsel are expected to familiarize themselves with Rule 16.1 and MCL 4th prior to the Initial Management Conference and to be prepared to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation.

4. MEET AND CONFER PRIOR TO INITIAL MANAGEMENT CONFERENCE—In lieu of complying with the specific requirements of Local Civil Rule 16.1, counsel shall—by no later than **July 24, 2026**—meet, confer, and seek consensus to the extent possible with respect to the items on the Initial Management Conference agenda.

5. INITIAL MANAGEMENT REPORT—In accordance with Federal Rule of Civil Procedure 16.1, the attorneys of record shall jointly prepare and submit to the Court by no later than **September 10, 2026** a case management report summarizing the parties' views on all matters likely to be addressed at the Initial Management Conference, including (but not limited to) the following:

a. whether leadership counsel (for plaintiffs or defendants) should be appointed and, if so:

i. the timing of the appointments; ii. the structure of leadership counsel; iii. the procedure for selecting leadership and whether the appointments should be reviewed periodically; iv. their responsibilities and authority in conducting pretrial activities and any role in facilitating resolution of the MDL proceedings; v. the proposed methods for regularly communicating with and

reporting to the Court and nonleadership counsel; vi. any limits on activity by nonleadership counsel; and vii. whether and when to establish a means for compensating plaintiffs' leadership counsel;

b. any previously entered scheduling or other orders that should be vacated or modified;

c. a schedule for additional management conferences with the Court;

d. any views on managing the direct filing of new actions in the MDL proceedings, in light of Section 1, above;

e. whether related actions have been—or are expected to be—filed in other courts, and whether to adopt methods for coordinating with them;

f. whether consolidated pleadings should be prepared;

g. how and when the parties will exchange information about the factual bases for their claims and defenses, including whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, and, if not, what if any changes should be made in the scope, form or timing of those disclosures;

h. discovery procedures and timing, including:

i whether discovery should be managed in phases, and if so, a specific proposal for such management; ii. the anticipated extent of discovery; how long discovery should take; what limits should be placed on discovery; whether any protective or confidentiality orders are appropriate; and an anticipated date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and

depositions; iii. whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure should be modified, and whether and when depositions of experts, if any, should occur; and iv. any difficult discovery-related issues that may arise.

i. any likely pretrial motions; and, if so, dates for filing such motions and/or cross-motions, oppositions, and replies;

j. whether the Court should consider any measures to facilitate resolving some or all actions before the Court;

k. whether any matters should be referred to a magistrate judge or a special master;

l. the principal factual and legal issues likely to be presented;

m. the identities of all defendant corporations (as well as parent, subsidiary, or affiliate entities) that have outstanding securities in the hands of the public;

n. appropriate procedures for addressing Rule 23 class certification proceedings, including the need for discovery and the timing thereof; the timing for a Rule 23 class certification motion and any oral argument and/or evidentiary hearing on the motion; whether the Court should designate interim counsel to act on behalf of the putative class; and, in the event a class (or classes) are certified, procedures for considering appointment of class counsel;

o. whether an initial census or some similar process would be beneficial here; and

p. whether there are any ongoing criminal investigations or proceedings related to the allegations in these cases. If desired, defendants may address the existence or

absence of such investigations or proceedings in a supplement to the initial management report filed ex parte and under seal.

6. PROPOSED INITIAL MANAGEMENT ORDER—Following the Initial Management Conference, the parties shall jointly prepare and submit to the Court a proposed initial management order by no later than **November 1, 2026**.

7. PRESERVATION OF EVIDENCE—All parties and their counsel are directed to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in possession, custody, and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Preservation includes the obligation not to alter any such thing as to its form, content, or manner of filing.

Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation. Each counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties, of the contents of this paragraph. Failure to comply may lead to dismissal of claims, striking of defenses, imposition of adverse inferences, or other consequences. Before any documents, data, and tangible things which are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved. If counsel are unable to agree, any party may apply to this Court for clarification or relief from this Order.

8. LOCAL CIVIL RULES, GENERALLY—Counsel shall familiarize themselves with the Local Civil Rules of this Court. Except as provided herein to the contrary, the parties shall comply with all such rules. The parties are directed especially to the judicial preferences posted online by Judge Quraishi and Judge Day with respect to communications with the Court, Local Civil Rule 37.1(a)(1) regarding the duty of counsel to confer and contact the Magistrate Judge prior to filing a discovery motion, and Local Civil Rule 7.1(e) regarding submission of proposed orders with all motions.

10. HEARINGS—Hearings shall not be held on any motions, except by order of the Court upon such notice as the Court may direct.

11. ANSWER DEADLINES STAYED—Defendants' obligations to answer or otherwise respond to the initial complaints filed in these actions shall remain stayed pending the Initial Management Conference and further order of the Court.

12. DISCOVERY PROCEEDINGS STAYED—All discovery proceedings in these actions are stayed until further order of the Court, and the time requirements to perform any acts or file any papers pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure are tolled until such time as a discovery schedule is established by order of the Court.

13. OTHER ORDERS REMAIN IN EFFECT—Unless modified by this Court, any orders, including protective orders, previously entered by any transferor district court shall remain in full force and effect.

14. PENDING MOTIONS ON OTHER DOCKETS—All motions heretofore filed and docketed in any of the individual actions shall be administratively terminated, without prejudice to refiling, if appropriate, in the docket for this litigation, case number 26-md-3180.

15. DOCKETING—The Clerk of the Court shall maintain a Master Docket and electronic case file under the caption "**IN RE: DUPIXENT (DUPILUMAB) PRODUCTS LIABILITY LITIGATION**" and the case number 3:26-md-3180. All pleadings, motions, or other papers relating to these actions shall be filed in the Master Docket only, unless otherwise directed by the Court. Every such pleading, motion, or paper shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: DUPIXENT (DUPILUMAB) PRODUCTS LIABILITY LITIGATION** | Civil Action No. 26-md-3180 |
| **This Document Relates To:** | |

When the document being filed pertains to all cases, the phrase "ALL CASES" shall appear immediately below the phrase "This Document Relates To." When the document pertains to fewer than all cases, the document shall list each case to which the document relates on a separate line below the phrase "This Document Relates To"; the cases shall be designated by the last name of the first named plaintiff, followed by the individual civil-action docket number assigned by the Clerk of this Court (e.g., "*Phillips*, No. 2:25-cv-18162").

16. FILING—All papers shall be filed by electronic means, via the Case Management/Electronic Case Filing system ("CM/ECF"), as required by (and subject to the exceptions contained in) Local Civil Rule 5.2. Counsel who are not already registered for CM/ECF access shall promptly obtain a CM/ECF password from the Clerk of the Court, per the requirements of Local Civil Rule 5.2. As provided by Local Civil Rule 5.2, electronic filing of any document operates to effect service of the document on all parties whose counsel have

obtained CM/ECF passwords. Counsel who have not yet obtained CM/ECF passwords must serve and be served as otherwise provided in Rule 5(b) of the Federal Rules of Civil Procedure.

17. NO LOCAL COUNSEL REQUIRED—No parties to any of these actions shall be required to obtain local counsel in this district, and the requirements of Local Civil Rule 101.1(c)(4) are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States District Court.

18. NOTICE OF TAG-ALONG CASES DIRECTLY FILED IN THIS DISTRICT—Defendants shall file a Notice in the Master Docket whenever a case is filed in the District Court for the District of New Jersey that defendants believe should be consolidated into this action, unless the action already has been assigned to the undersigned judge.

19. INCORPORATION BY REFERENCE—Any paper filed herein that is substantially identical to any other paper filed herein shall be sufficient if it incorporates by reference the paper to which it is substantially identical. Where counsel for more than one party plan to file substantially identical papers, they shall, if practicable, join in the submission of such papers and shall file only one paper on behalf of all parties so joined.

SO ORDERED.

ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE